FILED
2019 Apr-01 AM 09:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SABRINA DUNCAN )
)
)
Plaintiff, )
)
)
)
v. ) Case No.: 1:18-cv-0525-LCB
)
)
INNOTEX, INC. )

Defendant.

## Memorandum Opinion

The plaintiff, Sabrina Duncan, filed a complaint alleging five Title VII claims against her former employer, Innotex, Inc. Before the Court is Innotex's partial motion to dismiss the plaintiff's second amended complaint. (Doc. 31). Innotex's motion seeks to dismiss Count II (sexual harassment), Count III (retaliation), Count IV (retaliatory hostile environment), and Count V (retaliatory discharge)[1] of Duncan's Second Amended Complaint (Doc. 30). According to Innotex, Duncan failed to administratively exhaust these claims and therefore may not pursue them in this Court.

---

[1] Innotex did not move to dismiss Count I (gender discrimination).

"Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies. *See Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir.1999). The first step down this path is filing a timely charge of discrimination with the [Equal Employment Opportunity Commission]. *See* 42 U.S.C. § 2000e-5(b) (1994); *Alexander v. Fulton County,* 207 F.3d 1303, 1332 (11th Cir.2000)." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). However, a subsequent complaint in federal court is constrained by the EEOC charge that preceded it. The Eleventh Circuit has held:

> The purpose of exhaustion is to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation. *See Gregory v. Georgia Dep't of Human Res.,* 355 F.3d 1277, 1279–80 (11th Cir.2004). The proper inquiry is, therefore, whether the plaintiff's judicial complaint was like or related to, or grew out of, the administrative allegations. *See id.* at 1280. Judicial claims are allowed if they "amplify, clarify, or more clearly focus" the charges made before the agency, and, given that we are reluctant to allow procedural technicalities to bar Title VII claims, the scope of the administrative charges should not be strictly construed. *See id.* at 1279–80 (quotation omitted).

*Basel v. Sec'y of Def.*, 507 F. App'x 873, 875–76 (11th Cir. 2013). In the present case, Duncan filed a timely "Charge of Discrimination" ("Charge") with the EEOC who ultimately determined that the information provided in the Charge did not establish a violation of Title VII. The EEOC then notified Duncan that she could file a lawsuit against Innotex. However, Innotex argues that Counts II-V of

2

Duncan's complaint were not within the scope of her Charge and, therefore, may not be raised in her present complaint. Accordingly, this Court must determine the scope of Duncan's EEOC Charge and decide whether her Second Amended Complaint is "like or related to, or grew out of" the Charge. *Id.*

### **Duncan's EEOC Charge**

The record before this Court contains two separate Charges of Discrimination submitted by Duncan to the EEOC. One Charge was stamped as being received by the EEOC on June 21, 2017, and contains the following:

> I was hired by the above-named employer on April 23, 2015 as a[n] Office Helper. I performed my duties in a satisfactory manner. On May 16, 2017 I was terminated by Ms. Lisa Paserilla who told me I was being terminated because I was standing for 15 minutes without helping the team.[2] It's my belief that this was a pretext for discriminating against me because of my sex. At the time of the termination, I was the supervisor for my team. Ms. Paserilla terminated me to replace me with a male employee who she favored over me. Mr. James Michael Hanson has less experience than me and replaced me in the duties of supervising.
>
> I believe that I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 14-2). Duncan wrote "(see additional)" at the end of this section. The record also contains nine additional pages, both typed and handwritten, that bear the same stamp indicating that they were received by the EEOC on June 21, 2017.

---

[2] Duncan inserted a handwritten asterisk after this sentence and wrote the following at the bottom of the section: "That excuse is what she told unemployment not me. She told me that she wanted to give my job to Michael to be able to give him a raise."

(Doc. 14-4). The second Charge of Discrimination form in the record was stamped as received by the EEOC on June 28, 2017. (Doc. 6-1). This form contains identical language to the charge referenced above but does not contain any handwritten notes or attachments. Both forms were signed by Duncan under the following declaration: "I declare under the penalty of perjury that the above is true and correct." (Docs. 6-1, 14-2).

In her response to Innotex's motion to dismiss, Duncan explained that the language on the June 21, 2017, form was drafted by someone from the EEOC after she spoke with them over the telephone. Duncan claims that she was instructed to make any necessary corrections to the form and mail it back to the EEOC, which she did. According to Duncan, she sent the nine additional pages to the EEOC with the understanding that they would be included in the Charge. The June 28, 2017, form, Duncan says, was mailed back to her from the EEOC. Duncan claims that she also signed it and then returned it to the EEOC. However, Innotex argues that the June 28, 2017, form is the operative Charge and that this Court should not consider the nine additional pages that the EEOC received on June 21, 2017.

This Court finds that both forms, as well as Duncan's notes, are due to be considered as part of Duncan's EEOC Charge. In arguing that the Court should not consider Duncan's notes that were attached to the June 21, 2017, form, Innotex cites to several cases in which courts declined to accept allegations contained in an

EEOC intake questionnaire as a part of the Charge. *See e.g.*, *Shi v. Montgomery*, 679 Fed. App'x 828, 833 (11th Cir. 2017)(finding that a plaintiff's intake questionnaire was not a charge within the statutory requirements of 42 U.S.C. § 2000e-5(b)). However, the reason that courts have refused to accept such questionnaires as a part of the charge is the fact that the statements on the questionnaires are not made under oath or affirmation, a requirement of 42 U.S.C.A. § 2000e-5, which provides that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." *See also* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."). As noted above, both of Duncan's charges were verified and signed under penalty of perjury. Duncan also wrote "see additional" on the June 21, 2017, form and submitted additional notes that were received by the EEOC the same day. Accordingly, this Court finds that the forms and Duncan's additional notes constitute a part of the Charge.

The record also contains a letter that Duncan's attorney sent to the EEOC in which he responded to Innotex's position statement regarding Duncan's charge.[3] (Doc. 14-6). The letter contains additional allegations and a greater amount of detailed facts that closely mirror the allegations in Duncan's Second Amended

---

[3] The record does not contain Innotex's position statement.

Complaint. Duncan argues that this letter should also be considered a part of her EEOC Charge. This Court disagrees.

The letter is dated December 19, 2017, several months after Duncan submitted her initial charges in June. The letter is signed only by Duncan's attorney, and was not made under oath. As noted, the law requires that EEOC charges be made under oath or affirmation. *See* 42 U.S.C.A. § 2000e-5. The letter from Duncan's attorney does not satisfy this requirement.

The Eleventh Circuit has also held that, "[a]lthough the applicable regulations allow charges of discrimination to be filed on behalf of a person, *see* 29 C.F.R. § 1601.7(a), the regulations do not dispense with the requirement that a plaintiff verify the facts supporting a claim, *see* 29 C.F.R. § 1601.9. Also, we are aware that the regulations allow a plaintiff to amend her charge so that she may cure an earlier failure to verify the charge. *See* 29 C.F.R. § 1601.12(b)." Thus, Duncan could have amended her Charge to include the facts alleged in her attorney's letter and signed such a charge under oath. However, she failed to do so. Accordingly, this Court cannot consider the allegations in Duncan's attorney's letter as a part of Duncan's EEOC charge.

## **Duncan's Second Amended Complaint**

In its motion, Innotex asserted that, even if the Court considers the additional notes, Duncan still failed to exhaust her administrative remedies with respect to Counts II-V. This Court agrees.

At best, Duncan's allegations in the "particulars" section of her EEOC Charge along with her additional notes raise a claim of gender discrimination premised on disparate treatment. The Eleventh Circuit has held that "'a female Title VII plaintiff establishes a *prima facie* case of sex discrimination by showing that she occupies a job similar to that of higher paid males.' Upon establishment of a *prima facie* case of sex discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the pay disparity." *Hall v. Siemens VDO Auto.*, 481 F. App'x 499, 502–03 (11th Cir. 2012), quoting *Meeks v. Computer Assocs. Int'l,* 15 F.3d 1013, 1019 (11th Cir. 1994).

In her Charge, Duncan essentially alleged that she was terminated based on her gender, and that her job was given to a male employee who was paid a higher wage despite having less experience and education than Duncan. Although Count I of Duncan's Second Amended Complaint contains far more detail than was provided in the Charge, it alleges the same conduct. Indeed, Innotex did not move to dismiss this Count.

However, the remaining counts in Duncan's complaint are not supported in the same way. Count II alleges sexual harassment. The Eleventh Circuit has held that, to establish a prima facie case of sexual harassment, a plaintiff must show:

> (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists.

*Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004), citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc)).

Duncan's Charge makes two isolated references to sexual comments made by a co-worker. In her attached notes, Duncan stated that "[d]uring the two months while Lisa was plant manager Michael was heard several times making sexual comments toward Lisa." (Doc. 14-4, p. 8). Duncan also stated that, when she was told that Michael would take over her position, she asked how the plant manager came to that decision because she (Duncan) "was more qualified, had more education, better attendance record, and [didn't] make sexual comments to employees." (Doc. 14-4, p. 5). Nothing in Duncan's Charge could be construed to allege that these comments were directed at her, or that they were so severe as to create "a discriminatorily abusive working environment." *Hulsey*, 367 F.3d at 1244. This Court does not find that the allegations in Duncan's complaint merely amplify, clarify, or more clearly focus the charges made to the EEOC. *See Basel*,

8

507 F. App'x at, 875–76. Thus, Duncan failed to exhaust her administrative remedies as to her sexual harassment claim, and Count II is due to be dismissed.

Counts III (retaliation), IV (retaliatory hostile work environment), and V (retaliatory discharge), all allege some form of retaliation. In *Underwood v. Dep't of Fin. Servs. State of Fla.*, 518 F. App'x 637, 641 (11th Cir. 2013), the Eleventh Circuit held:

> Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge" under Title VII. 42 U.S.C. § 2000e–3(a); *see Thompson,* 562 U.S. [170, 173], 131 S.Ct. [863] at 867. The Supreme Court has interpreted Title VII's antiretaliation provision to provide broad protection from retaliation. *Burlington Northern,* 548 U.S. at 67, 126 S.Ct. at 2414. To establish a *prima facie* case of retaliation, a plaintiff may show that he engaged in protected activity, he suffered a materially adverse action, and a causal connection existed between the activity and the adverse action. *Dixon v. The Hallmark Companies, Inc.,* 627 F.3d 849, 856 (11th Cir.2010)."

Duncan was terminated before she filed a charge with the EEOC. Thus, in order to sustain a claim of retaliation, Duncan would have to allege that she complained about or opposed some type of unlawful conduct by Innotex and that she suffered a materially adverse action because of that complaint or opposition.

In her Second Amended Complaint, Duncan alleges that she complained to management when she heard an office administrator say that men should receive more pay, and that she complained to management about a co-worker's persistent

9

inappropriate sexual remarks. *See* (Doc. 30, p. 3-6). However, Duncan did not make these types of allegations in her EEOC Charge.

In her EEOC Charge, Duncan alleged that her issues with management stemmed from her contention that "they seem to have a problem if you don't just go along with them." (Doc. 14-4, p. 2). Duncan gave several examples of instances in which she disagreed with management's decisions to fire certain employees for issues such as their attendance or the quality of their work. Duncan also complained that management did not adequately staff her department and that she was never given a raise despite the fact that she was performing the duties of a supervisor. Nothing in Duncan's Charge can be construed to allege that she complained of or opposed an unlawful employment practice and was fired or otherwise retaliated against because of that complaint or opposition.

The Court also notes that Duncan did not check the box labeled "Retaliation" on either Charge of Discrimination form. (Docs. 6-1 and 14-2). Additionally, she listed the date of her termination as both the earliest and the latest date on which the alleged discrimination took place. *Id.* This is in stark contrast to the allegations in her Second Amended Complaint in which she contends that she raised complaints with management "in late March and early April 2017" and was then subjected a retaliatory hostile environment until she was eventually terminated. While Duncan's failure to check the retaliation box and list a broader

range of dates for the alleged conduct are not dispositive of the issue, they do suggest that Duncan did not intend to raise claims of retaliation in her EEOC Charge. Nevertheless, the Court does not find that Duncan's EEOC Charge was sufficient to administratively exhaust her claims of retaliation, retaliatory hostile environment, and retaliatory discharge. Accordingly, Counts III, IV, and V are due to be dismissed.

For the foregoing reasons, Innotex's Partial Motion to Dismiss (Doc. 31) is due to be **GRANTED,** and Counts II-V are due to be **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** April 1, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE